### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **VICTOR CARO** : | **CIVIL ACTION** |
|  : |  |
| **v.** : |  |
|  : |  |
| **CONELIUS FLUNORY, GUARANTEED** : |  |
| **EXPRESS INCORPORATED, RYDER** : |  |
| **SYSTEM, INC. and RYDER TRUCK** : |  |
| **RENTAL, INC.** : | **NO. 16-1375** |

### MEMORANDUM OPINION

**Savage, J.**                                                                                              **June 23, 2016**

After removing this personal injury action from the Philadelphia Court of Common Pleas, defendants Guaranteed Express, Inc. ("Guaranteed"), Ryder System, Inc. ("Ryder"), and Ryder Truck Rental, Inc. ("Ryder Truck Rental") have moved to transfer it to the Middle District of Pennsylvania where the accident occurred. Balancing the private and public interest factors of convenience and fairness weighs in favor of transfer. Therefore, we shall grant the motion.

### Factual and Procedural Background

The motor vehicle collision giving rise to this action occurred on Interstate 80 in Black Creek Township, Luzerne County, Pennsylvania.[1] Conelius Flunory, an employee of Guaranteed, was the driver of the tractor-trailer that rolled over on the roadway.[2] Guaranteed had leased the vehicle from Ryder Truck Rental,[3]

---

[1] Complaint, Doc. No. 1 ("Compl."), at ¶¶ 9, 11.

[2] *Id.* ¶¶ 7, 12; *see* Br. in Opp. to Mot. to Transfer, Doc. No. 23, at 3.

[3] *See* Compl. ¶ 12; Br. in Opp. to Mot. to Transfer, Doc. No. 23, at 3.

Plaintiff Victor Caro alleges that Flunory approached a curve at an excessive speed and lost control.[4] The tractor-trailer jackknifed, struck the right-hand guardrail, and rolled onto its passenger side into the travel lanes.[5] Caro's vehicle struck the underside of the trailer.[6] As a result of the collision, Caro sustained a traumatic brain injury, a left thigh bone fracture, right upper arm fractures, facial fractures, and a collapsed lung.[7] A second vehicle, driven by Benjamin Adams and occupied by three passengers, also struck the trailer.[8] All occupants of the Adams vehicle were injured.

Emergency medical personnel transported Caro to Geisinger Wyoming Valley Medical Center ("Geisinger").[9] He underwent several procedures at Geisinger and remained there until he was transferred to Kessler Institute for Rehabilitation ("Kessler") in Saddle Brook, New Jersey, on November 17, 2015.[10]

At the time he filed his complaint, Caro was a resident of Lodi, New Jersey.[11] He has since relocated to Columbus, Ohio.[12] Flunory is a New York resident.[13] Guaranteed is incorporated in and has its principal place of business in California.[14]

---

[4] Compl. ¶¶ 16-17.

[5] *Id.* ¶¶ 17-18.

[6] *Id.* ¶¶ 19, 21.

[7] *Id.* ¶¶ 24-25.

[8] *Id.* ¶ 22; *see* Br. in Support of Mot. to Transfer, Doc. No. 16-2, at 2 & Ex. C.; Br. in Opp. to Mot. to Transfer, Doc. No. 23, at 5-6.

[9] Compl. ¶ 23.

[10] *Id.* ¶ 24.

[11] *Id.* ¶ 1.

[12] *See* Br. in Opp. to Mot. to Transfer, Doc. No. 23, at 4.

[13] Compl. ¶ 3.

[14] *Id.* ¶ 4.

Ryder and Ryder Truck Rental are both incorporated in and have their principal places of business in Florida.[15] Third-party defendant Edwin Pinott Morales, who Guaranteed, Ryder, and Ryder Truck Rental contend negligently entrusted his vehicle to Caro without functioning airbags and restraints, is a citizen of Ohio.[16]

## Analysis

Venue is determined as follows: (1) the district where any defendant resides where all defendants reside in the same state in which the district is located; (2) the district where a substantial part of the events or omissions giving rise to the claim occurred; and (3) where there is no other district in which the action can be brought, the district (not the state) where a defendant is subject to personal jurisdiction at the time the action is commenced. 28 U.S.C. § 1391(b)(1)-(3). The third basis is a fallback provision that applies only if venue is not available in any district under (b)(1) or (b)(2).

The defendants have not moved to dismiss the action for lack of venue. Instead, they have moved to transfer venue under 28 U.S.C. § 1404(a) for the convenience of the parties and witnesses. Thus, we shall address transfer under § 1404(a) without considering dismissal or transfer under 28 U.S.C. § 1406(a).

A defendant moving for transfer of venue bears the burden of demonstrating that (1) the case could have been brought initially in the proposed transferee forum; (2) the proposed transfer will be more convenient for the parties and witnesses; and (3) the proposed transfer will be in the interest of justice. 28 U.S.C. § 1404(a); *Jumara v. State*

---

[15] *Id.* ¶¶ 5-6.

[16] Third-Party Complaint, Doc. No. 22, at ¶ 10. Morales has not appeared in this action.

*Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995); *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir. 1970).

Caro could have brought his action in the Middle District. A substantial part of the events giving rise to the claim took place there.

Once the defendant establishes that the action could have been brought in the proposed district, the court must weigh several private and public interest factors to determine whether the balance of convenience tips in favor of transfer. *Jumara*, 55 F.3d at 879-80. Among the factors considered when determining whether transfer is more convenient for the parties and in the interest of justice are: (1) the plaintiff's choice of forum; (2) the defendant's preferred forum; (3) the place where the claim arose; (4) the relative ease of access to the sources of proof; (5) the convenience of the parties in light of their relative financial status and physical location; (6) the availability of compulsory process for the attendance of witnesses; (7) the convenience of the witnesses; (8) the practical problems that make trial of a case expensive and inefficient; and (9) "public interest" factors, such as congestion of court dockets and the relationship of the jury and the community to the underlying district. *Id.* Depending on the nature and the facts of the case, these factors overlap and are intertwined.

Because the analysis involved is "flexible and individualized," the court has broad discretion in deciding a motion for transfer of venue. *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988). Despite this wide latitude, a transfer motion is not to be granted without a careful weighing of factors favoring and disfavoring transfer. *See Shutte*, 431 F.2d at 24-25.

*The plaintiff's choice of forum*

The plaintiff's choice of forum typically receives "paramount consideration." *Id.* at 25. However, the plaintiff's choice is given less deference where he does not live there and none of the operative facts occurred there. *Buckeye Pennsauken Terminal LLC v. Dominique Trading Corp.*, --- F. Supp. 3d ----, No. 14-4625, 2015 WL 9267386, at *6 (E.D. Pa. Dec. 21, 2015).

Caro does not reside in this district. At the time he filed this action, he resided in New Jersey. He has since relocated to Ohio.

None of the operative facts occurred in this district. The only connection to this district is Caro's attorneys' office is here. In the absence of any meaningful connection to this district, Caro's choice of forum is not given the usual deference accorded a plaintiff's choice.

*The defendant's preferred forum*

Guaranteed, Ryder, and Ryder Truck Rental prefer the Middle District of Pennsylvania because the claim arose there and many of the witnesses, including first responders, emergency medical providers and the occupants of the Adams vehicle, are located there. Flunory and Morales have not appeared. Consequently, their preference is unknown. Thus, the defendants' choice of forum favors transfer.

*The place where the claim arose*

Where the claim arose implicates other factors in the analysis. It involves questions of access to proof, choice of law, convenience of the parties and the witnesses, availability of witnesses, and efficiency concerns. Hence, determining the place where the claim arose will inform the evaluation of these other factors.

Caro's claim arose in the Middle District of Pennsylvania. The collision occurred there and substantial medical treatment was provided there. Thus, this factor weighs in favor of transfer.

### *The relative ease of access to the sources of proof*

Evidence about how the collision occurred and what happened to Caro is primarily in the Middle District of Pennsylvania. An extensive investigation of the incident was conducted by the Pennsylvania State Police assigned to that area. Witnesses to the event, treating physicians and medical personnel are there.

Adams resides in Lackawanna County. Three passengers in the Adams vehicle reside in Wayne County. Both counties are in the Middle District. *See* 28 U.S.C. § 118(b).

Medical records are there and in other states, including New Jersey and Ohio, where Caro has received and is continuing to receive care. On the other hand, there are no sources of proof in this district. Thus, this factor favors transfer.

### *The convenience of the parties*

No matter where the action is tried, the parties will have to travel. Caro, who currently resides in Columbus, Ohio, contends he will be inconvenienced if the case is tried in the Middle District. He argues that Philadelphia is more convenient because there are nonstop air flights between Columbus and Philadelphia. There are no direct flights from Columbus to any of the cities where the Middle District courthouses are located.

If Caro travels by land, the Eastern District will not be more or less convenient. The Eastern District courthouse in Philadelphia is 470 miles from Columbus. In

contrast, the Middle District courthouses in Scranton, Wilkes-Barre, Harrisburg and Williamsport are 469, 451, 368 and 385 miles from Columbus, respectively.

Caro contends that his inconvenience is exacerbated by his brain injuries and disabilities. No matter where the case is tried, he will have to travel hundreds of miles from his home. Airport staff in Philadelphia or elsewhere is equipped to assist Caro. Standing alone, this consideration does not tip the scale significantly.

The convenience of Flunory and Morales, who have not appeared in this action, is not readily determined. The other defendants will be required to travel a significant distance wherever this action is tried. At best, this factor weighs slightly against transfer.[17]

*Compulsory process for the attendance of witnesses*

Several witnesses, including those in Ohio and New Jersey, will be required to travel more than 100 miles regardless of where the case is tried. *See* Fed. R. Civ. P. 45(c)(1)(A). Witnesses testifying about Caro's continuing care and disabilities who are in New Jersey and Ohio are likely to appear voluntarily at trial. Others, including first responders, emergency medical providers and the occupants of the Adams vehicle, are within 100 miles of Scranton, Wilkes-Barre, Harrisburg or Williamsport. They are beyond 100 miles of Philadelphia. Thus, the availability of compulsory process for the attendance of witnesses favors transfer.

---

[17] Caro also argues that the parties will be inconvenienced by a transfer because none of the attorneys are located in the Middle District. The convenience of counsel is not a factor in the analysis. *Solomon v. Cont'l Am. Life Ins. Co.*, 472 F.2d 1043, 1047 (3d Cir. 1973) (citation omitted).

*The convenience of the witnesses*

The convenience of non-party witnesses is a "particularly significant factor" that weighs heavily in the analysis. *Family Fin. Ctrs. v. Cox*, No. 14-5330, 2015 WL 790038, at *7 (E.D. Pa. Feb. 25, 2015) (citations omitted). Several of the witnesses are not located in either the Eastern District or the Middle District. They include providers of rehabilitation services at Kessler and other follow-up care in both New Jersey and Ohio. These witnesses can easily testify by videotape deposition. *See* Fed. R. Civ. P. 32(a)(4).

Caro intends to call his fiancée and caretaker, Claritza Cabreja, to testify about his current condition and ongoing care. Cabreja resides in Ohio. She would have to travel wherever this action is tried. Her convenience or inconvenience is no different from Caro's.

On the other hand, several of the witnesses, including first responders and medical providers at Geisinger, are located in the Middle District. The driver and passengers of the Adams vehicle, who witnessed the accident, are also located in the Middle District. The Middle District is more convenient for them than Philadelphia. There are no witnesses located in this district. Thus, the convenience of the witnesses strongly favors transfer.

Caro contends there is no guarantee that the action, if transferred, will be tried in Scranton or Wilkes-Barre, which are nearest to the site of the accident and several non-party witnesses, including Adams and his passengers. He asserts that a trial in the other courthouses of the Middle District, in Harrisburg or Williamsport, will be at least as inconvenient, if not more inconvenient, for these witnesses than a trial in Philadelphia.

Caro overlooks Middle District Rule 83.6.1, which provides that, "in civil actions arising out of the operation of motor vehicles . . . the place of trial of such cases shall be at the place for the holding of court which is nearest the scene of the principal event giving rise to the cause of action."  M.D. Pa. R. 83.6.1.  In addition, the court has discretion "to designate the place of trial for the convenience of the court or of all parties and witnesses."  M.D. Pa. R. 83.6.3.  Thus, unless there is a more convenient courthouse in the Middle District, the case will be tried in Wilkes-Barre, which is nearest to Black Creek Township.

*The practical problems that make trial of a case expensive and inefficient*

There will be some inconvenience to some parties and witnesses regardless of where the action is tried.  Trying this case in the Middle District, where the accident occurred and many witnesses are located, would be more efficient than resolving the case here.  Thus, this factor also runs in favor of transfer.

*The "public interest" factors*

Trial in this district will impose jury service upon citizens of this district who have no real connection to the dispute or the parties.  By contrast, a Middle District jury has an interest in the resolution of the dispute that arose there.  That is where the collision occurred.  A number of persons injured in the accident reside there.

The Eastern District has no interest in this case.  There are no individuals, parties or witnesses residing here.  The only connection to this district is that some of the defendants conduct business here and Caro's attorneys are here.

Because the Middle District has a significantly greater interest in resolving this case and the Eastern District has none, we conclude that the public interest factors weigh in favor of transfer.

## Conclusion

The private and public interest factors of convenience and fairness weigh in favor of transferring the case to the Middle District of Pennsylvania. Therefore, in the interest of justice, we shall grant the motion to transfer venue.